IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2025 JUN -2 A 10: 47

CLERK_____
SO. DIST. OF GA.

DARRYL RYAN BOSTICK,
Reg. No. 34822-171
Jesup Federal Prison Camp
Petitioner,

V.

WARDEN, H. L. RAY, FCI Jesup
2600 Highway 301 South
Jesup, GA 31599
Respondent.

Case No. 2:25 cv 80

(Pro Se)
Petition For A Writ
of Habeas Corpus
Pursuant 28 U.S.C. §2241

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is incarcerated within this district and challenges the Bureau of Prisons' (BOP) unlawful denial of earned First Step Act Time Credits (FSA-FTC).

## PARTIES

Petitioner:
Darryl Ryan Bostick
Reg. No. 34822-171
Federal Prison Camp Jesup
2600 Highway 301 South
Jesup, GA 31599

Respondent:
H. L. RAY, Warden, FCI Jesup
2600 Highway 301 South
Jesup, GA 31599

## STATEMENT OF FACTS

1. Petitioner was sentenced on October 22, 2021, in the District of South Caroline to an aggregate sentence of 168 months under Aggregate Group 800 PLRA.

2. The sentence includes:

108 months for 21 U.S.C. § 841(a)(1)(B)(C) and 18 U.S.C. § 2 (Distribution of Cocaine Count 1), which is an FSA-eligible offense; and

60 months for 18 U.S.C. § 924(c)(Possession of a Firearm in Furtherance of a Drug Trafficking Crime Count 4), which is a disqualifying offense under the First Step Act.

3. Despite the separate nature of these counts, the BOP treats Petitionr's entire 168-month sentence as ineligible for FSA Time Credits due to the inclusion of the § 924(c) offense.

4. Petitioner has pursued and exhausted administrative remedies, including informal resolution, BP-9, BP-10, and submission of Bp-11 to the Central Office (pending response).

## CLAM FOR RELIEF

5. Under 18 U.S.C. § 3632(d)(4)(D), inmates are ineligible to earn FSA Time Credits only for disqualifying convictions. The statute does not exclude an entire sentence when multiple offenses are involved.

6. The language of the FSA says inmates are ineligible "if convicted" of a disqualifying offense not if serving a sentence that includes one.

7. The BOP relies on 28 C.F.R. § 523.41(c)(4) and Program Statement 5410.01, which interpret "a sentence" to mean the total aggregated sentence, thereby denying credit even for the FSA-eligible portions.

8. This interpretation is unlawful and contradicts the plain statutory text, congressional intent, and judicial precedent.

9. Courts have rejected this approach in O'Brian v. Warden and Crespo v. Warden, holding that only the disqualifying conviction is excluded from earning credits not the entire sentence when counts are eligible.

10. The BOP's policy violates due process and the separation of powers by effectively amending the statute beyond what Congress authorized, unlawfully denying Petitioner the benefit of earned liberty.

## RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

A. Declare that Petitioner is eligible to earn and apply FSA Time Credits to the portion of his sentence that does not involve a disqualifying conviction:

B. Order the BOP to calculate and apply FSA Time Credits toward Petitioner's release for the eligible portion of his sentence;

C. Declare that 28 C.F.R. § 523.41(c)(4) and Program Statement 5410.01 are unlawful as applied to Petitioner;

D. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ *Darryl Bostick*                                    Date: 5-28-2025

Darryl Ryan Bostick
Reg. No. 34822-171
Federal Prison Camp Jesup
2600 Highway 301 South
Jesup, GA 31599

## CERTIFICATE OF SERVICE

I Darryl Bostick HEREBY CERTIFY that, I have served a true and correct copy of the foregoing instrument, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, First Class Mail, Postage Pre-Paid, on this __28__ day, of ____May____ 2025, by giving said instrument to BOP officials for forwarding, which is deemed filed at such time pursuant to the language outlined in Houston v. Lack, 48-7 VS 266 (1988)(mailbox[] rule), and mailed to the following District Court for processing and docketing:

## DECLARATION UNDER PENALTY OF PERJURY

Executed under pains and penalties of perjury, pursuant to 28 U.S.C.§ 1746.

I Darryl Bostick declare under penalty of perjury, that the forgoing is true and correct to the best of my knowledge.

Respectfully Submitted on this __28__ day of ____May____ the year of 2025.

# EXHIBIT A

ATTACHMENT A

JES 1330.16

## INFORMAL RESOLUTION

INFORMAL RESOLUTION INSTRUCTIONS: Administrative Remedy Program requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form will be utilized to document your efforts toward informally resolving your grievance. An inmate with a valid complaint must complete the first three sub-sections (A, B, C) below and submit this to his assigned Counselor. Only ONE (1) request per form.

Inmate Name: Darryl Bostick    Reg. No. 34822-171    Unit: GA

Date form issued to inmate: 3/10/25

Date form received from inmate: 3/10/25

**Section I: Inmate Complaint/Action:**

A. INMATE'S COMPLAINT: writing to formally request reconsideration of my eligibility for FSA time credit. I understand my conviction under USC 924-c involved possession of a Drugs in Furtherance with a firearm my raise concerns I believe my case merits a individualized review base on non-violent nature of my offense, current custody classification, rehabilitation and FSA purpose

B. RELIEF REQUESTED: A thorough review of my eligibility for FSA time credits considering the non-violent nature determination that my possession of a firearm does not disqualify me from FSA application of FSA time credits to my sentence reflecting my participation in programs, clarification of any additional steps or documentation required to ensure my eligibility for a FSA.

C. EFFORTS MADE TO RESOLVE THE COMPLAINT (include contacts with staff, written copouts, etc.) (can continue on back): This is the first step I am taking to address this issue. I have not previously find any of formal or informal complaints regarding my FSA time credits. I am bringing this matter to the attention of staff to seek guidance, Clarification, and resolution through the proper channels

**Section II: Staff Action(s):**    Informally Resolved ( )    Unable to Resolve ( )

STAFF COMMENTS (efforts to resolve informally): You were sentenced for 18usc 924(c) which is ineligible to Earn Federal Time Credit.

COUNSELOR'S SIGNATURE & DATE: _____ 3-18-25

UNIT MANAGER'S SIGNATURE & DATE: y. Randolph 3/18/2025

BP-9 Issued to inmate on: 3/18/25

BP-9 Returned to staff on: 3/18/25

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

3/18/25

97

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bostick Darryl R    34822-171    GA    FPC Jesup
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I am filing this administrative remedy to request a review of my ineligibility to earn FSA, and FSA time credits. My 924-C has been used as basis for denying my ability to earn FSA, however, this denial is inconsistent with my specific circumstances, current custody classification, and the rehabiliative goals of the FSA. My offense does not meet the statutory definition of "crime of violence" under 18 USC 16 or 34 USC 60541g5Biii. My offense lacked any actual, attempted, or threatened use of physical force. Additionally, my placement in a minimum security camp and "out" custody status reflects the BOP determination that I pose risks to the community. Denying me the opportunity to earn FSA time credits undermine the intent of the FSA, which incentivizes rehabilitation and reduces recidivism.

3-18-25
DATE

Darryl Bostick
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____

## ADMINISTRATIVE REMEDY RESPONSE

**INMATE: BOSTICK, Darryl**                    **REMEDY NO.: 1235580-F1**
**REG. NO.: 34822-171**


This is in response to your Request for Administrative Remedy received on April 3, 2025, wherein you request a review of your ineligibility to earn FSA Time Credits in accordance with the statutory language and intent of the FSA.

The passage of the First Step Act of 2018 allows eligible inmates to receive FTC for the successful participation in recidivism reduction programs or productive activities. An eligible inmate means the inmate is not currently serving a sentence for a conviction that is on the list of ineligible offenses as listed in the FSA and 18 U.S.C. § 3632 (d) (4) (D). In your case, your current conviction for Possess a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c), precludes you from eligibility.

Based on the aforementioned, your request for relief is denied.

If you are not satisfied with this decision, you may appeal on the appropriate form to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia, 30331-6226. Your appeal must be received in the Regional Director's Office within 20 days of the date of this response.


_____                    4/7/25
H.L. Ray, Warden                                    Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Bostick Darryl R**  **34822-171**  **GA**  **FPC-Jesup**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I am appealing the BOP improper denial of my FSA time credits. The Law, 18 USC 3632-D4D Lists specific ineligible offenses, but 924(c) is not included. The Bop has no Authority to expand disqualifications beyond what congress explicity wrote. I was Convicted under 924-C despite the Firearm was in the Floor board of th car I never Branish nor use the gun in the crime. The Bop policy unlawfully excludes me From earning FSA time credits, Contradicting Congressional intent and supreme court precedent (Looper Brighthouse v United states, 598 US 162), which prohibits agencies From adding restrictions not authorized by Congress. Upon Reviewing 18 USC-3632(D)(4)(D) I should be able to earn FSA time credits especially not branshing nor useing the gun in any force.

4-9-2025

DATE  4-09-2025    *Darryl Bostick*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
APR 15 2025
Regional Counsel
Southeast Regional Office

_____         _____
DATE                                 REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1235580-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____        _____
DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                         BP-230(13)
                                                                JUNE 2002

Regional Administrative Remedy Appeal No. 1235580-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted April 15, 2025, wherein you are appealing the Warden's response to your request regarding your eligibility for the First Step Act. As a relief, you are requesting Federal Time Credits applied in accordance with the First Step Act.

A review of your allegation determined the Warden's response adequately addressed the concerns raised in your Institutional Administrative Remedy. Your current conviction for violation of 18 USC 924(c) disqualifies you from meeting the criteria for eligibility to earn time credits under the First Step Act. Inmates may not earn First Step Act time credits towards release for a current sentence for a disqualifying conviction as outlined in the First Step Act. Multiple terms of sentences ordered to run consecutively or concurrently is treated as a single aggregated combined term of sentence.

Please continue to work closely with the Unit Team at your current facility to provide you with additional guidance regarding First Step Act eligibility.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_4/18/25_
Date

_[signature]_
Regional Director, SERO



